THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Karen C. Stafford, SBN 030308
kstafford@cavanaghlaw.com
Victoria R. Kelly, SBN 035658
vkelly@cavanaghlaw.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Libretti, a married woman, | NO. |
| Plaintiff, | **PETITION FOR REMOVAL** |
| v. | |
| QuikTrip Corporation, a foreign corporation; John and Jane Doe I through X, fictitious individuals; ABC Corporation and Partnerships, I-X, fictitious entities, | |
| Defendants. | |

Defendant QuikTrip Corporation (hereinafter collectively referred to as "Defendant"), by and through undersigned counsel, respectfully files this Petition for Removal and Notice of Removal of Maricopa County Superior Court Case No. CV2022-002260, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

1. A civil action seeking to recover money damages has been commenced by Plaintiff Jill Libretti and is now pending in the Maricopa County Superior Court in and for

the State of Arizona, captioned *Jill Libretti v. QuikTrip Corporation, et.al.,* Maricopa County Superior Court Case No. CV2022-002260 ("the State Action").

2. Plaintiff's Complaint in the State Action was filed on February 24, 2022. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference. Plaintiff seeks damages related to Defendants' alleged conduct in the maintenance of its premises. *See* Exhibit "A" at 7.

3. Plaintiff's Complaint was served on Defendant via personal service on March 9, 2022. *See* Affidavit of Service, which is attached hereto as Exhibit "B." The Complaint was filed contemporaneously with the Summons, the Civil Cover Sheet, and the Certificate of Compulsory Arbitration. A true and correct copy of the Summons is attached hereto as Exhibit "C." A true and correct copy of the Civil Coversheet is not attached to this Petition. Defendant attempted to get a true and correct copy of the Civil Coversheet but was unable to obtain one as the document is listed as "Restricted/Confidential" with the Maricopa County Superior Court. A true and correct copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "D." To date, Defendant is not aware of any other pleadings filed in the State Action.

4. Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits "A" through "D" are true and correct copies of all documents filed in the State Action. A true and correct copy of the state court docket is attached hereto as Exhibit "E."[1]

5. Pursuant to L.R. 3.6(b), Defendant has also attached to this Petition for Removal the Supplemental Cover Sheet which it will file contemporaneously with this Petition for Removal.

---

[1] Defendant has not yet filed an Answer in state court. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant will file its Response to Plaintiff's Complaint within seven (7) days of this Petition for Removal. Accordingly, Defendant will file its Response to Plaintiff's Complaint on or before April 5, 2022.

6. Upon information and belief, at all material times in this lawsuit, Plaintiff resided in Maricopa County, State of Arizona. *See* Exhibit "A" at ¶ 1.

7. Upon information and belief, at all material times in this lawsuit, Plaintiff was and is a citizen of the State of Arizona. *Id.* at ¶ 1.

8. To determine a natural person's state of citizenship, the Court looks to domicile, which includes looking at where the person's permanent home is, which is where the person "resides with the intention to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). This case involves an accident that occurred in Arizona after which Plaintiff sought treatment in Arizona. Plaintiff has alleged in her Complaint that, at all relevant times in this lawsuit, she resided in Maricopa County, State of Arizona. *See* Exhibit "A" at ¶ 1. Therefore, Plaintiff is a citizen of Arizona.

9. In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9$_{th}$ Cir. 2006). A corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Id.* An LLC "is a citizen of every state of which its owners/members are citizens." *Id.*

10. Defendant QuikTrip Corporation is a corporation organized under the laws of the state of Oklahoma with its principal place of business located in Oklahoma. Therefore, Defendant QuikTrip Corporation is not a citizen of Arizona.

11. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

12. In this action, Plaintiff seeks to recover monetary damages that she claims

are due and owing as a result of QuikTrip's alleged conduct in purportedly not maintaining the area where she slipped and fell at a QuikTrip location. *Id.* at ¶¶ 8-16. As a result of this accident, Plaintiff alleges that she suffered physical injuries that required medical treatment. *Id.* at ¶ 17. Plaintiff also claims that her physical injuries will require future medical treatment. *Id.* at ¶ 18. Further, Plaintiff is also claiming additional damages for pain, suffering, anxiety, apprehension and nervousness. *Id.* at ¶ B.

13. Prior to litigation, Plaintiff submitted a demand for the injuries she claims resulted from her fall at QuikTrip in the amount of $128,000.00. In that demand, Plaintiff claimed to have incurred more than $49,000.00 in medical expenses.  In addition to medical expenses, Plaintiff also claims to have sustained pain and suffering, disability, disfigurement, anxiety, and frustration and that she will continue to suffer injury and damage in the future. *Id.* at ¶¶ 18, 19.

14. Additionally, Plaintiff has certified that the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000.00, **excluding interest and costs**. *See* Exhibit "D"; *see also Ansley v. Metro Life Ins. Co.*, 215 F.R.D. 575, 576-78 (D. Ariz. 2003) (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

15. In light of Plaintiff's demand in the amount of $128,000.00, and in light of Plaintiff's certification that her damages, exclusive of interest and costs, exceed $50,000.00, it is clear that the amount in controversy exceeds the jurisdictional minimum in this Court, which is $75,000.00. *See Ansley*, 218 F.R.D. at 576-78.

16. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the matter in controversy herein exceeds the sum of

$75,000.00, exclusive of interest and costs.

17. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

18. This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

19. Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

20. Pursuant to LRCiv 3.6(d), Defendant requests a jury trial, and has indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DATED this 29th day of March, 2022.

**THE CAVANAGH LAW FIRM, P.A.**

By: *s/Karen C. Stafford*
Karen C. Stafford
Victoria R. Kelly
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Josh A. Valdez
Joseph A. Hoxie
Valdez Law P.L.L.C
323 West Roosevelt Street, Suite 100
Phoenix, Arizona 85003
*Attorneys for Plaintiff*

*s/Cindy Noeding*