**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Libretti, | No. CV-22-00493-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| QuikTrip Corporation, et al., | |
| Defendants. | |

Pending before the Court is QuikTrip Corporation's Motion for Protective Order (Doc. 25). For the reasons set forth below, that motion is substantially denied, but is granted in part.

A protective order may require "that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). It must be based on "good cause." QuikTrip, as the proponent of the protective order, bears the burden of establishing that good cause.

For the most part, it fails to do so here. Plaintiff here seeks the in-store videos which demonstrate an employee of Defendant serving an ice cream cone. Sadly, part of that cone fell on the floor which allegedly caused the accident giving rise to this suit. Defendant does not claim that the multiple camera angles of the ice cream cone faux pas are irrelevant, nor that the request itself is burdensome. Rather Defendant claims that it has privacy rights in the surveillance video which is designed to promote safety and prevent theft and loss.

Quick Trip posits that "if the public had access to view the surveillance video they would be "specifically aware of what is and is not shown on the cameras." It further claims that they would be able to see parts of the store that are accessible only to employees such as behind the cash register and in other employee-only areas." It also alleges that its choice of software and systems involved in the surveillance is confidential information that it does not share, and its disclosure would harm QuikTrip's competitive advantage.

Yet, the Defendant itself broadcasts real-time surveillance video of the store using its multiple camera angles for the customers themselves to see. It cannot thereafter claim privacy protection for those same videos, or for the video of the store generally to the extent it depicts the Plaintiff, the ice cream spill and the resulting accident. Even if it did not broadcast its own surveillance videos (and it presumably does so for the security advantage of informing its customers that they are being surveilled), customers are free to observe the layout of the store and, if they are observant, the video cameras that are providing the security feed. Nevertheless, to the extent that Plaintiff has requested videos that do not depict the Plaintiff, the ice cream spill, the resulting accident, or the aftermath with respect to the Plaintiff, Defendant need not provide them. Thus to the extent that the separate video feeds in no way depict those events, Defendant's videos of the non-relevant areas are secure.

Further, the configuration of the store at which the accident giving rise to this lawsuit has changed. Thus, video of the previous configuration would have little to no value for a prospective shoplifter who wanted to take the time to obtain video from Plaintiff before attempting his theft.

As well, Quiktrip fails to sufficiently establish that its choice of software gives rise to a competitive advantage or that the disclosure of that software is even required to provide the Plaintiff with copies of the surveillance video. Therefore, Quiktrip's motion for protective order in these respects is denied.

Finally, however, Defendant desires that the videos it provides be used only for this litigation and not for other purposes. Plaintiff disputes Defendant's assertion that she has

threatened to disclose the videos to others. This Court can't see why she should show the video to others. To the extent, therefore, that Plaintiff has not received the prior authorization of this Court, she will use the Quiktrip videos for purposes of this lawsuit and for no other purpose.

**IT IS ORDERED** granting in part and denying in part Defendant's Motion for Protective Order (Doc. 25).

**IT IS FURTHER ORDERED** that Defendant need only produce the unredacted videos which show the Plaintiff, the ice cream spill (and reasonable periods before and after), the slip and fall (and reasonable periods before and after). Further, Plaintiff, will not use the videos for purposes other than this litigation without the express authorization of this Court.

Dated this 11th day of July, 2022.

_____
G. Murray Snow
Chief United States District Judge